GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ARIEL A. NEUMAN (Cal. State Bar No.: 241594)
JUSTIN R. RHOADES (Cal. State Bar No.: 230463)
JEFF MITCHELL (Cal. State Bar No.: 236225)
Assistant United States Attorneys
Violent & Organized Crime Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2917/3380/0698
    Facsimile: (213) 894-3713
    E-mail: ariel.neuman@usdoj.gov
         justin.rhoades@usdoj.gov
         jeff.mitchell@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 09-230(A)-SVW |
| Plaintiff, | GOVERNMENT'S POSITION RE: SENTENCING OF DEFENDANT FREDY LOPEZ SALMORAN |
| v. | |
| RAMON NARCISO MORALES MENDOZA, ET AL., | |
| Defendants. | SENTENCING DATE: **12/7/2009** |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby files its sentencing position for defendant Fredy Lopez Salmoran. The United States respectfully recommends that the Court sentence defendant as follows: 37 months imprisonment, which reflects defendant's eligibility for safety valve treatment, to be followed by four years of supervised release. The government's position is based upon the

1  attached memorandum of points and authorities, the files and
2  records in this case, the Presentence Report, and any other
3  evidence or argument that the Court may wish to consider at the
4  time of sentencing.

7  DATED: November 24, 2009         Respectfully submitted,

                                    GEORGE S. CARDONA
                                    Acting United States Attorney

                                    CHRISTINE C. EWELL
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                         /s/
                                    _____
                                    JUSTIN R. RHOADES
                                    Assistant United States Attorneys

                                    Attorneys for Plaintiff
                                    United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On July 29, 2009, defendant Fredy Lopez Salmoran ("defendant") pled guilty to Count One of the First Superseding Indictment, charging him with conspiracy to distribute more than 100 grams of heroin, in violation of 21 U.S.C. § 846. Specifically, defendant agreed to and did receive heroin from individuals associated with a heroin distribution organization based in Mexico. Defendant regularly called a co-defendant by telephone to order heroin and then took delivery of the heroin from that co-defendant for the purpose of distributing it to others who sold the heroin for profit. Plea Agreement ¶ 11.

Examples of defendant's activities in furtherance of the conspiracy include the following: 1) on March 12, 2009, defendant arranged to receive heroin so that he could process and package it for distribution; 2) on March 14, 2009, defendant told a co-defendant that defendant had told heroin customers that if they purchased heroin from defendant on a weekly basis, he would give them five or ten extra balloons of heroin for free; and 3) on March 24, 2009, defendant possessed with others approximately 66.2 grams of heroin packaged for distribution inside a vehicle, and approximately $837 in United States currency. Id.

Defendant admitted that he knew that the substance he possessed was heroin, and that he possessed it with the intent to deliver it to another person. Id. Based on statements made by defendant, it appears that he was in the United States for only a few weeks prior to being arrested, and as a result, played a small role in the heroin distribution conspiracy. PSR ¶ 27.

**II.  THE PRESENTENCE REPORT**

The United States Probation Office ("USPO") prepared a Presentence Report ("PSR"), which was disclosed to the parties on October 5, 2009.  The PSR calculated the total offense level as follows:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 26 | U.S.S.G. § 2D1.1(c)(7) |
| Acceptance of Responsibility | : | -3 | U.S.S.G. § 3E1.1 |

PSR ¶¶ 29-42; Plea Agreement ¶ 14.  The PSR also calculated a criminal history category of I based on zero criminal history points.  PSR ¶¶ 44-48.  The PSR calculated the guideline sentence to be 60 months based on the statutory mandatory minimum pursuant to 21 U.S.C. § 841(a)(1), (b)(1)(B), but noted that if defendant met the safety valve criteria of U.S.S.G. § 5C1.2, his guideline sentence would be 37-46 months.  PSR ¶ 77.  The USPO also calculated that defendant was subject to 4 years of supervised release, a mandatory special assessment of $100, and a fine between $10,000 and $2,000,000.  PSR Guideline Summary.

**III. PROBATION OFFICE'S RECOMMENDATION**

The United States Probation Office recommended the following sentence: a 60-month term of imprisonment, a four-year term of supervised release, and a special assessment of $100.  USPO Recommendation Letter.  The Probation Officer found that defendant does not have the ability to pay a fine.  Id. at 1.  If defendant is found eligible for safety valve status, the USPO would recommend the low end of the advisory range, namely 37 months in prison.  USPO Recommendation Letter.

**IV.   THE GOVERNMENT'S RECOMMENDATION**

The United States does not object to the findings set forth in the PSR, and concurs with the Probation Officer's recommended sentence of the low end of the sentencing guideline range applicable to defendant.  The United States agrees that defendant has met all of the criteria to be eligible for safety valve status pursuant to U.S.S.G. § 5C1.2 and 18 U.S.C. 3553(f), and as a result, recommends that he be sentenced to a term of imprisonment of 37 months, followed by four years of supervised release under the terms set forth in the PSR.[1]  The recommended sentence addresses the considerations in 18 U.S.C. § 3553(a), as discussed herein.

    1.   <u>The Nature And Circumstances Of The Offense and the History and Characteristics of the Defendant</u>

Section 3553(a)(1) provides that the Court shall consider the nature and circumstances of the offense and the history and characteristics of the defendant.  Here, defendant was heard over the telephone discussing deliveries of heroin to various co-conspirators.  In addition, he was found in possession of 66.2 grams of heroin – a significant quantity far above an individual "user amount".  However, defendants participation in the conspiracy was limited in both time and scope.  He was only in the United States for a few months and was not a leader or organizer.  Accordingly, a sentence of 37 months reflects

---

[1] The United States, thus, hereby moves and requests the Court to grant defendant the additional 1-level reduction, pursuant to Section 3E1.1(b) of the Sentencing Guidelines based on the timely notification of defendant's intention to plead guilty.  U.S.S.G. § 3E1.1(b).

3

defendant's smaller role in the drug distribution network and takes into consideration the fact that this is his first encounter with the criminal justice system.

2. <u>The Need For The Sentence Imposed</u>

Section 3553(a)(2) provides that in determining the particular sentence, the Court shall consider the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct. Based on the guidance of 18 U.S.C. § 3553(f), defendant's limited involvement in distributing narcotics merits a sentence below the mandatory minimum. Because of his role, defendant should be subject to a substantial, but respectively lower term of imprisonment. Additionally, defendant will likely be deported following his imprisonment. A sentence 37 months achieves the goal of punishing defendant for his conduct.

Moreover, a sentence over three years will serve to deter other persons – like defendant – who may come to the United States without authorization and attempt to engage in criminal conduct. While below the mandatory minimum, 37 months is still a considerable sentence and carries with it a strong element of deterrence.

3. <u>Need to Avoid Unwarranted Sentence Disparities</u>

Section 3553(a)(6) provides that in determining the particular sentence, the Court shall consider the need to avoid unwarranted sentence disparities. Imposing the recommended sentence will incarcerate defendant for a period shorter than that to be served by his co-defendants who distributed similar

4

amounts of heroin, but who have previous convictions. Because this is defendant's first criminal conviction, a sentence below the 60 months received by co-defendants is warranted. At the same time, the recommended sentence will mirror that handed down by this Court for other similarly-situated defendants, such as the 36-month sentence given to Gabriel Ortiz Cruz, who played a similar role in the conspiracy but who also had no criminal record.

**V.     CONCLUSION**

For the foregoing reasons, the United States respectfully recommends that the Court impose a sentence of 37 months of imprisonment, four years of supervised release, and a special assessment of $100.